IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| BETH HIRSCHENBEIN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ARAMARK UNIFORM & CAREER ) <br> APPAREL GROUP, INC., d/b/a ) <br> ARAMARK UNIFORM & CAREER ) <br> APPAREL, LLC, and ) <br> ARAMARK UNIFORM & CAREER ) <br> APPAREL, LLC, d/b/a ) <br> ARAMARK UNIFORM SERVICES ) <br> (MIDWEST) LLC, ) <br> ) <br> Defendants. ) | No. |

## COMPLAINT AT LAW

Plaintiff, BETH HIRSCHENBEIN, by and through the Law Offices of Kupets & DeCaro, P.C., and in her complaint at law against Defendants, ARAMARK UNIFORM & CAREER APPAREL GROUP, INC., d/b/a ARAMARK UNIFORM & CAREER APPAREL, LLC, a foreign corporation, and ARAMARK UNIFORM & CAREER APPAREL, LLC d/b/a ARAMARK UNIFORM SERVICES (MIDWEST) LLC, a foreign corporation, states the following:

### GENERAL ALLEGATIONS

1. At all relevant times herein, Defendant ARAMARK UNIFORM & CAREER APPAREL GROUP, INC. d/b/a ARAMARK UNIFORM & CAREER APPAREL, LLC ("ARAMARK") was a foreign corporation doing business in Cook County, Illinois.

2. At all relevant times herein, Defendant ARAMARK UNIFORM & CAREER APPAREL, LLC d/b/a ARAMARK UNIFORM SERVICES (MIDWEST) LLC ("ARAMARK

**EXHIBIT "A"**

MIDWEST") was a foreign corporation doing business in Cook County, Illinois.

3. At all relevant times herein, Defendant ARAMARK was in the business of providing workplace supplies and cleaning services for businesses. Defendant ARAMARK provided floor mats and maintenance and cleaning services for said floor mats to Strange Engineering, located at 8300 Austin Avenue, Morton Grove, Cook County, Illinois 60053 (hereinafter "Property"). At all relevant times herein, Defendant was responsible for the installation, cleaning and maintenance of the floor mats in the entrance/exit at the subject Property.

4. At all relevant times herein, Defendant ARAMARK MIDWEST was in the business of providing workplace supplies and cleaning services for businesses. Defendant ARAMARK MIDWEST provided floor mats and maintenance and cleaning services for said floor mats to Strange Engineering at the Property. At all relevant times herein, Defendant was responsible for the installation, cleaning and maintenance of the floor mats in the entrance/exit at the subject Property.

5. On June 14, 2016, Plaintiff, BETH HIRSCHENBEIN was an employee of Strange Engineering and was a lawful invitee at the Property.

6. On the aforementioned date, Defendants ARAMARK and/or ARAMARK MIDWEST, by and through their employees, agents and/or servants, placed a floor mat in the vestibule leading from the main entrance to the parking lot of the Property.

7. As Plaintiff walked into the vestibule of the main entrance leading to the parking lot, she encountered the floor mat that had been placed earlier by Defendants ARAMARK and/or ARAMARK MIDWEST, by and through their employees, agents and/or servants. Plaintiff tripped on a curled deformed section of the mat and fell, causing her to suffer serious injuries

which will be set forth in further detail below.

8. The condition of the mat encountered by the Plaintiff on the Property was caused by Defendants ARAMARK and/or ARAMARK MIDWEST, by and through their employees, agents and/or servants. Additionally, Defendants knew or should have reasonably known that an improperly placed mat presented a danger to persons, like the Plaintiff, who would be walking through the vestibule to enter and exit the building.

## COUNT I -
## NEGLIGENCE - AGAINST ARAMARK

9. Plaintiff adopts and re-alleges her General Allegations as Paragraph nine (9) of this Complaint.

10. It was the duty of Defendant ARAMARK, by and through its employees, agents and/or servants to exercise ordinary care and caution in the performance of its work. Notwithstanding said duty, Defendant ARAMARK, by and through its employees, agents and/or servants acting within the scope of their employment, did or fail to do one or more of the following acts and/or omissions:

   a. Negligently, carelessly and improperly placed the defective floor mat that had raised or curled edges creating a tripping hazard;

   b. Negligently, carelessly and improperly failed to inspect the condition of the subject floor mat to ensure it was not a tripping hazard;

   c. Negligently, carelessly and improperly failed to place a safe non-defective mat in the vestibule; and

   d. Negligently, carelessly and improperly failed to place any warning devices in the vestibule to provide pedestrians a warning of the defective and/or curled edges of the mat.

11. As a direct and proximate result of the aforementioned negligent acts or omissions of Defendant ARAMARK, by and through its employees, agents and/or servants, Plaintiff,

BETH HIRSCHENBEIN did suffer serious injuries of a personal and pecuniary nature including, but not limited to, pain and suffering, medical expenses, disability, and loss of wages. These losses have been incurred in the past and will likely be incurred in the future. Some or all of these losses are permanent.

**WHEREFORE**, it is respectfully requested that judgment be entered in favor of the Plaintiff, BETH HIRSCHENBEIN and against Defendant ARAMARK UNIFORM & CAREER APPAREL GROUP, INC., d/b/a ARAMARK UNIFORM & CAREER APPAREL, LLC in an amount in excess of FIFTY-THOUSAND DOLLARS ($50,000.00), which is in excess of the minimum jurisdictional amount, together with the costs of this action.

## COUNT II -
## NEGLIGENCE - AGAINST ARAMARK MIDWEST

12. Plaintiff adopts and re-alleges her General Allegations as Paragraph twelve (12) of this Complaint.

13. It was the duty of Defendant ARAMARK MIDWEST, by and through its employees, agents and/or servants to exercise ordinary care and caution in the performance of its work. Notwithstanding said duty, Defendant ARAMARK MIDWEST, by and through its employees, agents and/or servants acting within the scope of their employment, did or fail to do one or more of the following acts and/or omissions:

   a. Negligently, carelessly and improperly placed the defective floor mat that had raised or curled edges creating a tripping hazard;

   b. Negligently, carelessly and improperly failed to inspect the condition of the subject floor mat to ensure it was not a tripping hazard;

   c. Negligently, carelessly and improperly failed to place a safe non-defective mat in the vestibule; and

   d. Negligently, carelessly and improperly failed to place any warning devices

in the vestibule to provide pedestrians a warning of the defective and/or curled edges of the mat.

14. As a direct and proximate result of the aforementioned negligent acts or omissions of Defendant ARAMARK MIDWEST, by and through its employees, agents and/or servants, Plaintiff, BETH HIRSCHENBEIN did suffer serious injuries of a personal and pecuniary nature including, but not limited to, pain and suffering, medical expenses, disability, and loss of wages. These losses have been incurred in the past and will likely be incurred in the future. Some or all of these losses are permanent.

**WHEREFORE**, it is respectfully requested that judgment be entered in favor of the Plaintiff, BETH HIRSCHENBEIN and against Defendant ARAMARK UNIFORM & CAREER APPAREL, LLC d/b/a ARAMARK UNIFORM SERVICES (MIDWEST) LLC in an amount in excess of FIFTY-THOUSAND DOLLARS ($50,000.00), which is in excess of the minimum jurisdictional amount, together with the costs of this action.

Respectfully Submitted,

*Sandra Colina*
Sandra Colina

Law Offices of Kupets & DeCaro, P.C.
77 W. Washington St., 20th Fl.
Chicago, Illinois 60602
Tel:   (312) 372-4444
Fax:  (312) 726-7347
Email: scolina@kupetsdecaro.com
**Attorney No. 36453**